RICHARD M. CALLAHAN, JR.
225 South Lake Avenue, Suite 300
Pasadena, CA 91101
Telephone: (626) 202-4060
Facsimile: (626) 794-4676
State Bar No. 100446
Email: rmcallahanjr@gmail.com

Attorney for Defendant
PEDRO LOPEZ CHACON

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEDRO LOPEZ CHACON, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No. CR 20-321-JAK-1 <br><br> **DEFENDANT PEDRO LOPEZ CHACON'S SENTENCING MEMORANDUM** <br><br> Sentencing Date: June 9, 2022 <br> Time: 8:30 a.m. <br> Place: Courtroom of the Honorable John A. Kronstadt |

Pedro Lopez Chacon, through his counsel of record, submits his sentencing memorandum.

Dated: May 26, 2022.

Respectfully submitted,

THE LAW OFFICES OF
RICHARD M. CALLAHAN, JR.

By: _____
RICHARD M. CALLAHAN, JR.
Attorney for Defendant
PEDRO LOPEZ CHACON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Pedro Lopez Chacon comes before this Court for sentencing after being found guilty at trial of the single-count indictment charging illegal reentry by an alien after deportation, under 8 U.S.C. § 1326(a), (b)(1). Before the Court imposes sentence, Mr. Lopez urges the Court to consider his acceptance of responsibility for the underlying charge, or alternatively, a departure for presenting an imperfect duress defense. Finally, Mr. Lopez seeks a variance because of the impact of his likely deportation. A sentence of no greater than 36 months is appropriate.

## II

## ARGUMENT

### A. MR. LOPEZ SHOULD RECEIVE A TWO-LEVEL REDUCTION IN HIS OFFENSE LEVEL BASED ON THE DURESS DEFENSE

Mr. Lopez should receive a two-level reduction in his total offense level because of the duress he suffered causing him to enter the United States illegally in late 2019. There are several avenues available under the Sentencing Guidelines that can accomplish such a reduction.

### 1. Mr. Lopez Should Receive a Two-Level Reduction for Acceptance of Responsibility

Notwithstanding his conviction for entering the United States illegally following deportation, Mr. Lopez still qualifies for acceptance of responsibility for the underlying charge since he did not challenge the elements and simply went to trial to present the affirmative defense of duress.

Ninth Circuit authority and the Sentencing Guidelines support a defendant exercising his right to a trial while at the same time establishing acceptance of responsibility in the appropriate circumstances. *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1137 (9th Cir. 2006); *United States v. Rodriguez*, 2018 U.S. Dist. LEXIS

110430, *20 n.4, 2018 WL 3241401 (C.D. Cal. 2018). This can be appropriate when the defendant pursues an affirmative defense. *See United States. v. Gamboa-Cardenas*, 508 F.3d 491, 505 (9th Cir. 2007) (The Court upholds acceptance of responsibility reduction despite being convicted at trial since "the affirmative defense of duress does not dispute any of the … essential elements of the crime charged"); *see also United States v Ponce Ibarra*, 584 Fed Appx. 382, 383 (9th Cir. 2014); Under U.S.S.G. § 3E1.1, App. Note 2, the Sentencing Commission states that acceptance of responsibility can apply in rare circumstances when a defendant goes to trial, noting that such a determination "will be based primarily upon pre-trial statements and conduct." Here, Mr. Lopez Chacon went to trial based solely on the affirmative defense of duress. Before trial, at defendant's request, the "Statement of the Case" read to the jury before jury selection included the following language:

> Defendant admits that he came to the United States without permission, but alleges that it was only because there was an impending threat of death or serious bodily injury to him if he did not enter the United States, a well-grounded fear that the threat would be carried out, and he had no reasonable opportunity to escape the threatened harm if he did not enter the United States.

[See PACER docket No. 178.] Further, at a hearing just before commencement of trial, the defense essentially offered to stipulate to the underlying elements of § 1326, but the government opposed this request. At trial, the defense essentially conceded that Mr. Lopez Chacon satisfied the statutory requirements of 8 U.S.C. § 1326. Defense counsel did not ask a single question to any of the government's witnesses, nor was a single objection interjected by the defense during the government's case-in-chief. Similarly, in closing argument, the defense made no challenge to the elements of the underlying charge, arguing only the duress defense. A two-level reduction under § 3E1.1 for acceptance of responsibility is appropriate in this case.

/

/

### 2. A Guideline Departure for Imperfect Duress is Also Appropriate Under U.S.S.G. § 5K2.12

Alternatively, Mr. Lopez should receive a two-level downward departure for "imperfect duress" under the Policy Statement U.S.S.G. § 5K2.12, which states:

> If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency.

Based on the facts at trial and reiterated in the defendant's Rule 29 motion which is incorporated into this memorandum by reference [Dkt. No. 192], Mr. Lopez's duress defense, even if incomplete, warrants a departure.

## B. MR. LOPEZ SHOULD RECEIVE A VARIANCE DUE TO HIS IMPENDING DEPORTATION, AS WELL AS FOR THE TIME HE WILL SPEND IN ICE CUSTODY AWAITING DEPORTATION AFTER HE COMPLETES HIS SENTENCE

Because of his conviction in this case and his prior deportations, Mr. Lopez faces deportation after serving whatever sentence the Court imposes. It is impossible to overstate the consequences of deportation. "[D]eportation is a particularly severe 'penalty,'" *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010), and is "the equivalent of banishment or exile." *Id*. at 373 (internal citations omitted). To magnify the situation, the destination of Mr. Lopez's deportation will be El Salvador, where he was born but was then brought to the United States as an infant because of the prolonged civil war in that country. Mr. Lopez has lived in the United States for most of his life.

Compounding this inequity is the fact that after Mr. Lopez completes his sentence, authorities will transfer him to Immigration and Customs Enforcement ("ICE") where he will remain in custody until deported. The duration of his incarceration with ICE could be extended a number of months since Mr. Lopez intends to challenge his return to El Salvador due to the extremely dangerous situation there, under the protections provided by the Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85 ("CAT"). Once released from custody, Mr. Lopez hopes to relocate to Costa Rica with his children. CAT is an international human rights treaty under the auspices of the United Nations which obligates signatories to, among other requirements, ensure that aliens will not have to return to a country in which they are likely to face persecution or torture. The circumstances and delays inherent in Mr. Lopez's upcoming deportation warrant a variance. *United States v. Doganyan*, 2020 U.S. Dist. LEXIS 90825, *3-4 (C.D. Cal. 2020) ("The Court is not saying that Defendant doesn't deserve deportation, but rather it is one factor to consider under § 3553").

## III

## CONCLUSION

Preliminarily, Mr. Lopez should be sentenced in accord with the following Guideline calculations determined by the Probation Office:

| | |
|---|---|
| Base offense level: | 8 |
| Prior felony Illegal reentry conviction: | +4 |
| Prior conviction sustained with sentence greater than five years after removal: | +10 |
| Criminal history category: | III |

/
/
/

In addition, as set forth in this memorandum, Mr. Lopez argues for a two-level Guideline reduction based on acceptance of responsibility or imperfect duress, and a variance due to the impact on his upcoming deportation. Mr. Lopez should receive a sentence of no greater than 36 months in custody.